FILED

2015 MAR 30 PM 12: 11

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| Plaintiff, | ) ) ) | 1 15 CR 121 |
| v. | ) | CASE NO._____ |
| | ) | Title 18, Section 1920, United |
| PHILIP A. RIZK, | ) | States Code |
| Defendant. | ) ) ) | JUDGE OLIVER |

Count 1

The United States Attorney charges:

1. At all times material to this Information:

    a. The Office of Workers Compensation Programs of the United States Department of Labor ("DOL"), part of the executive branch of the Government of the United States, administered a benefit program under the Federal Employee's Compensation Act ("FECA"), Chapter 81, Title 5, United States Code;

    b. Employees of the United States Postal Service who are disabled due to occupational injury receive compensation benefits under FECA;

    c. The DOL has sole authority to determine if a claimant is entitled to benefits provided by FECA;

      d. All payments under FECA to disabled Postal Service Employees are financed by funds of the United States Postal Service;

      e. The DOL required periodic reports from disabled employees, known as EN-1032 ("Affidavit of Earnings Activities"), in order to determine whether disabled employees continue to be eligible to receive benefits under FECA. Each form requires a disabled employee to report any and all work activity, whether paid or unpaid, part-time or intermittent, including work for an employer, self-employment, or volunteer work, so that DOL could determine whether a disabled employee remained eligible for continued FECA benefits;

      f. PHILIP A. RIZK was an employee of the United States Postal Service as a letter carrier who was receiving disability benefits under FECA; and

      g. PHILIP A. RIZK received $27,798.84 in FECA benefits from on or about July 9, 2012 to February 1, 2013, the period of time during which no work-related physical restrictions were necessary for Defendant to return to his employment with the United States Postal Service.

      2. On or about January 30, 2012, in the Northern District of Ohio, Eastern Division, defendant PHILIP A. RIZK, in connection with the re-certification for and the receipt of compensation, other benefits, and payment under the Federal Employee's Compensation Act, did knowingly and willfully falsify, conceal, and cover up a material fact and did knowingly make a false, fictitious, and fraudulent statement and representation, to wit: on or about January 30, 2012, PHILIP A. RIZK, signed and submitted an Affidavit of Earnings Activities Report and answered "No" to the question regarding whether he engaged in work or volunteer activities, when in truth and fact, as he well knew, PHILIP A. RIZK was performing such work, in violation of Title 18, Section 1920, United States Code.

## COUNT 2

The United States Attorney further charges:

1. On or about November 19, 2012, in the Northern District of Ohio, Eastern Division, defendant PHILIP A. RIZK, in connection with the re-certification for and the receipt of compensation, other benefits, and payment under the Federal Employee's Compensation Act, did knowingly and willfully falsify, conceal, and cover up a material fact and did knowingly make a false, fictitious, and fraudulent statement and representation, to wit: on or about November 19, 2012, PHILIP A. RIZK, signed and submitted an Affidavit of Earnings Activities Report and answered "No" to the question regarding whether he engaged in work or volunteer activities, when in truth and fact, as he well knew, PHILIP A. RIZK was performing such work, in violation of Title 18, Section 1920, United States Code.

STEVEN M. DETTELBACH
United States Attorney

By: *[signature]*
EDWARD F. FERAN
Chief, Major Crimes Unit